IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEKENDRICK MATLOCK,                 §
                                    §
            Plaintiff,              §
                                    §
V.                                  §          No. 3:14-cv-2386-N-BN
                                    §
WILLIAM STEPHENS,                   §
                                    §
            Defendant.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

for pretrial management pursuant to 28 U.S.C. § 636(b). The undersigned issues the

following findings of fact, conclusions of law, and recommendation.

**Background**

This is a civil action brought by DeKendrick Matlock, appearing *pro se*, against

Defendant Warden John Rupert. On July 2, 2014, Plaintiff filed this lawsuit on a

form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and submitted

a memorandum in support of his claims. *See* Dkt. Nos. 3 & 4. In his pleadings,

Plaintiff generally states that he wishes to press criminal charges against the United

States Government and "Swizz Bank Accounts" for conspiring to deny him payment

of $20 billion that he was awarded in a previous civil rights lawsuit and to otherwise

violate his rights through use of OnStar technology. *Id.* Because Plaintiff is not

challenging a criminal conviction and seeks relief under 42 U.S.C. § 1983, and in

order to permit him to further elaborate upon his allegations, the Court sent a Notice of Deficiency and Order instructing Plaintiff to file an amended complaint using the Court's prisoner civil rights form by August 4, 2014. *See* Dkt. No. 5. The Court also instructed Plaintiff that he must either pay the statutory filing fee or submit a request to proceed *in forma pauperis* by August 4, 2014. *See id.* Plaintiff has not responded to the Notice of Deficiency and Order.

The undersigned now concludes that this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(A).

## Legal Standards

A district court is required to screen a civil action brought by a prisoner seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is

grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim is factually frivolous when the facts alleged are "clearly baseless," *Neitzke*, 490 U.S. at 327, a category encompassing allegations that are "fanciful," *id.*, at 325, "fantastic," *id.* at 328, and "delusional," *id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (factual allegations are "clearly baseless" where they "rise to the level of the irrational or the wholly incredible").

## Analysis

Plaintiff does not present a logical set of facts to support any claim for relief. His complaint contains allegations wholly based on a delusional or fanciful scenario. Dismissal is warranted under these circumstances. *See Kolocotronis v. Club of Rome*, 109 F.3d 767 (table), 1997 WL 115260, at *1 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world); *accord Denton*, 504 U.S. at 32-33; *Neitzke*, 490 U.S. at 326-28. Although Plaintiff has been permitted to further elaborate upon his claims to state a claim that is not clearly baseless, he has not done so. Accordingly, the undersigned concludes that this lawsuit should be summarily dismissed with prejudice.

**Recommendation**

Plaintiff's petition should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(A).

Additionally, Plaintiff has failed to either pay the filing fee or seek leave to proceed *in forma pauperis*. Because this case is subject to summary dismissal, the undersigned recommends that the Court waive the filing fee in order to conserve scarce judicial resources that would be required to obtain the filing fee or a motion for leave to proceed *in forma pauperis* from Plaintiff.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court,

except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 22, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE